SAM A. McKNIGHT AND ANN V. McKNIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McKnight v. Commissioner
Docket No. 34133-87
United States Tax Court
T.C. Memo 1991-514; 1991 Tax Ct. Memo LEXIS 563; 62 T.C.M. (CCH) 996; T.C.M. (RIA) 91514; October 9, 1991, Filed *563 Alan L. Tinsley, for the petitioner. William G. Bissell, for the respondent. PARR, Judge. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION This cause is before us on petitioners' motion to dismiss for lack of jurisdiction. Petitioners claim that we lack jurisdiction over the deficiency determination relative to the ordinary loss claimed on their 1983 Federal income tax return from MLSL Partnership, a limited partner in Liberian Forest Associates, a partnership, because respondent failed to comply with the Tax Equity and Fiscal Responsibility Act (TEFRA) provisions of section 6223(a). [1] Respondent objects to petitioners' motion on the grounds that the partnership falls within the small partnership exception to the partnership audit and litigation provisions, [2] and therefore TEFRA procedures do not apply. *564 OPINION Petitioners, husband and wife, resided in Houston, Texas, at the time the petition was filed. During tax year 1983, petitioner Sam McKnight was a general partner in MLSL Partnership. The issue for decision is whether respondent was required to comply with the partnership audit and litigation procedures enacted in 1982 as a part of TEFRA and issue a final partnership administrative adjustment (FPAA) to MLSL Partnership within the statutory period. Secs. 6221, 6231(a)(1)(B). If he was and failed to, we lack jurisdiction over this case. Harrell v. Commissioner, 91 T.C. 242, 243 (1988). Petitioners contend that the resolution of disputed partnership items should occur at the partnership level, not the individual partner level. The respondent alleges that the partnership falls within the small partnership exception of section 6231(a) and, thus, all issues should be determined at the partner level. See sec. 6221. A small partnership is defined as any partnership if: (1) Such partnership has 10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate, and (2) each partner's share of each partnership item is the *565 same as his share of every other item. It is undisputed that MLSL had fewer than 10 partners. Disputed, however, is whether the same share requirement was satisfied. The same share requirement of section 6231(a)(1)(B)(i)(II) is satisfied if during all periods within a taxable year, each partner's share of each partnership item specified in section 301.6231(a)(3)-1(a)(1)(i) through (iv), Proced. & Admin. Regs., is the same as that partner's share of each of the other partnership items specified in that section during that period (even though the partner's share of all such specified partnership items changes from period to period within that taxable year). In Harrell v. Commissioner, supra, the same share rule was satisfied by determining whether the partnership reported more than one partnership item for the year, and if so, how those items were shared by each partner. We concluded that the determination should be made by respondent as of the date of the commencement of the audit of the partnership, but not necessarily on that date, by examining the partnership return and the corresponding Schedules K-1, and any amendments thereto received prior to this *566 date. For tax year 1983, MLSL reported only two items on its Form 1065; ordinary loss from African-American Forest Enterprises of $ 233,787 and net loss from self-employment of $ 255. The losses were proportioned according to the loss sharing distribution as set forth in their Schedule K-1: Sam McKnight, 45 percent; J. Lydon McKnight, 45 percent; and Marguerite McKnight, 10 percent. Hence, the same share rule is satisfied because each partner's share of each of the partnership items was the same as his share of every other item available for distribution during the year. Thus, MLSL Partnership is a small partnership and excepted from the TEFRA procedures within the meaning of section 6231(a)(1)(B) and was not required to be issued a FPAA by respondent. Accordingly, petitioners' motion to dismiss for lack of jurisdiction is denied. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. See sec. 6231(a)(1)(B)↩